IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 28 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| MARNEY ANDREW SWINFORD, | § |
| | § |
| Applicant, | § |
| | § |
| VS. | § NO. 4:08-CV-113-A |
| | § |
| NATHANIEL QUARTERMAN, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, CORRECTIONAL | § |
| INSTITUTIONS DIVISION, | § |
| | § |
| Respondent. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Marney Andrew Swinford, is applicant[1] and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 1, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by April 22, 2009. On April 23, 2009, applicant filed his written

---

[1] The title of the document filed by Marney Andrew Swinford was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed February 21, 2008, as an "application" and is referring to Marney Andrew Swinford as "applicant."

objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A.  <u>The Speedy Trial Objections</u>

Pages 2 through 9 and part of page 10 of applicant's objections are in one way or another directed to the magistrate judge's findings and conclusions relative to applicant's claims based on his contention that he was denied a speedy trial. Applicant is incorrect in saying that the magistrate judge concluded that a speedy trial claim was not cognizable on federal habeas review. The magistrate judge did not reach such a conclusion. Rather, the magistrate judge concluded that the length of delay between the return of the indictment and commencement of the trial was not long enough to create a presumption of prejudice that would set in motion a <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972), inquiry.

2

Next, applicant seems to complain that the magistrate judge should have measured the length of delay from a date somewhat in advance of the date when the indictment was returned. The court agrees with the magistrate judge's conclusion that the date when the indictment was returned, June 18, 2004, is an appropriate starting point, and that, as a result, the delay was not presumptively prejudicial, considering that his trial commenced on May 9, 2005, less than one year after the date of indictment. Having failed to demonstrate extreme prejudice or a showing of willfulness by the prosecution to delay the trial in order to hamper applicant's defense, applicant has not made a presentation that would support a successful speedy trial claim.

B.   Ineffective Assistance of Counsel Objections

Included in applicant's speedy trial objections is an ineffective-assistance-of-counsel objection. Applicant contends that his attorney's dilatory representation led to him not receiving a timely trial. However, applicant has presented nothing that would support a conclusion that his counsel's performance fell below an objective standard of reasonableness or that, but for his counsel's performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 688 (1984). Nothing in the record

3

would support a conclusion that applicant's trial counsel or his appellate counsel engaged in any conduct that would form the basis of a complaint relative to the timeliness of his trial.

C. *Brady* Objection

Next, applicant complains of the findings and conclusions of the magistrate judge related to applicant's claimed Brady[2] violation. The court is satisfied that the magistrate judge correctly concluded that applicant failed to meet the third component of a Brady violation, i.e., that the evidence was material to either guilt or punishment. For the reasons explained by the magistrate judge in section 4, on pages 9 and 10 of the magistrate judge's FC&R, the conclusion correctly was reached that no Brady violation has been shown by applicant.

D. *Jury Deliberation Objection*

Applicant next objects to the conclusions reached by the magistrate judge concerning jury deliberations. In particular, applicant objects that the magistrate judge confused the sequence of the jury notes to which the magistrate judge referred on pages 10 and 11 of the FC&R. Applicant is correct that the magistrate judge has the notes out of sequence.

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

The record reflects that the jury note requesting the transcript of Officer Peel's testimony came first, St. R. Vol. 10 at 66, and that the note reading "[o]n officer James Peel, disagreement on wording when goods were transferred and disagreement on how he could identify defendant while the transfer of goods" came second. Id. at 67. However, applicant is mistaken in thinking that the trial court did not properly answer the notes. The answer to the first note was the answer that normally would be given to a note asking for a transcript of a witness's testimony. Clerk's R. at 111. The second note could be read as constituting a designation of points in the witness's testimony about which the jury was in disagreement. Assuming that such a reading is the proper one, applicant nevertheless has failed to demonstrate that he suffered any prejudice by reason of the response the judge made to the second note. The judge discussed his proposed response with counsel, and both attorneys expressed no objection to the response. St. R. Vol. 10 at 67-68. Moreover, providing the jury with testimony during deliberations is merely a question of state procedure, and does not rise to constitutional dimensions.

E. <u>The Late Notice Objection</u>

Applicant complains of the failure of the Texas Court of Criminal Appeals to notify him timely that his petition for discretionary review had been denied. He objects to the magistrate judge's conclusion that this complaint fails to state a claim upon which habeas federal relief can be granted. The court agrees with the magistrate judge's conclusion that the late notice issue does not present a federal issue.

F. <u>Evidentiary Hearing Objection</u>

Applicant objects to the magistrate judge's conclusion that he has not shown entitlement to an evidentiary hearing. Nothing is to be gained by a restatement in this order of the discussion leading to the magistrate judge's conclusion that an evidentiary hearing is not warranted. The court adopts that discussion as a reason why applicant's objection on this subject is without merit.

G. <u>Conclusion</u>

For the reasons given above, the court concludes that none of applicant's objections has merit. Consequently, the court ACCEPTS, and here adopts, the findings and conclusions expressed in the FC&R. Therefore,

The court ORDERS that all relief sought by applicant in the document he filed February 21, 2008, titled "Petition for Writ of Habeas Corpus by a Person in State Custody" be, and is hereby, denied.

SIGNED May 28, 2009.

_____
JOHN McBRYDE
United States District Judge